## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR304 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| JOSE ESTRADA-MENDEZ, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on a Report and Recommendation (Filing No. 155) of Magistrate Judge Thomas D. Thalken recommending that I accept the Defendant's plea of guilty. Also before the Court is the government's motion for preliminary forfeiture (Filing No. 160). There are no objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record.

The Defendant is charged in a Superseding Indictment with: conspiracy to distribute and possess with intent to distribute methamphetamine (Count I);[1] distribution of methamphetamine (Count II); being an illegal alien in possession of a firearm (Count V);[2] and criminal forfeiture pursuant to 21 U.S.C. § 853 of two firearms relating to Counts I and V (Count VI). (Filing No. 55.) However, at the change of plea hearing, the following discussion was had regarding the forfeiture issue:

> MR. SMART: Pardon me, Your Honor. May I interrupt just for a moment?
> THE COURT: Yes.
> MR. SMART: Your Honor, just for the record, in - in the pursuing of our plea agreement, there were two counts in the superseding indictment.

---

[1] 21 U.S.C. § 846.

[2] 18 U.S.C. §§ 922(g)& (a)(2).

And one of the counts, Count V, indicated that my client was an alien in possession of a firearm.  And when we negotiated with the Government, it was agreed that those firearms would be forfeited; however, at this time, we don't want to specifically admit that the firearms were - either the proceeds were used in connection with any drug crime.  In fact, we would - I don't believe the evidence would support that; however, we're planning on forfeiting those firearms by virtue of his being an alien.  However, I understand that we're not pleading to Count V.  That's being dropped as part of the plea agreement.

  THE COURT:  Well, the Government charged this with regard to Count I and ....

  Are you - is it the Government's position that the firearms in question are forfeitable because of Count I or Count V, or both?

  MS. BUNJER:  At this point in time, mostly because he was an illegal alien so it would be Count V.

  THE COURT:  So far as you're concerned that you would move to amend Count VI of the indictment by striking Count - the words "I and" in Count VI in both places so that it would read "as a result of the offenses set forth in Count V," or are you seeking as part of the calculation of the sentence in this case that firearms were used in a - even though he doesn't plead to them, were used in a - or are you trying to seek additional points in the defendant's sentencing because of the firearms?

  MS. BUNJER:  No, Your Honor.  The only issue for Paragraph 6 at this point is just to not be returned the firearms to the defendant because he's an illegal alien.

  THE COURT:  All right.

  MS. BUNJER:  There's no other penalties or enhancements sought by the United States.

  THE COURT:  At the time of sentencing or anything of that nature.

  MS. BUNJER:  Correct.

  THE COURT:  All right.  So if the Counts I - if the words "s I and" are eliminated from Count VI, then that would correctly indicate this matter.  Is that right?

  MS. BUNJER:  I'm thinking out loud, but then doesn't - wouldn't he have to plead to –

  THE COURT:  I don't think he - he only has to say that as a result of the offense in Count V.  He doesn't have to plead to it.  We have cases all the time where the defendants are pleading to a forfeiture when there's - as a result of the offenses in Counts I, II, V and whatever on various other drug cases, and they only plead to one count.  The fact that they plead to this count merely indicates that the guns are forfeitable.  It doesn't mean that he pled guilty to Count V.

  MS. BUNJER:  That's fine, then, Your Honor.

  THE COURT:  All right.  And you so move?

  MS. BUNJER:  I so move at this time.

    THE COURT:  All right.  Any objection?
    MR. SMART:  No, Your Honor.
    THE COURT:  All right.  Those words will be then stricken from Count VI.
    Now, Mr. Estrada, what the Government would have to - in order - what the Government would have to prove in order for you to be convicted of Count VI is they would have to prove the offense in Count V which was that you were an illegal alien and that you were in possession of firearms.  Even though you are not pleading guilty to that charge, in order for you to be convicted in Count VI, the Court would have to find that - and the jury would have to find that you had in fact committed Count V.  Do you understand that?
    THE DEFENDANT:  Yes.
    THE COURT:  And then those firearms would then be forfeited to the United States.  Do you understand that?
    THE DEFENDANT.  Yes.
    THE COURT:  So by pleading guilty to Count VI, the - what the Government states and what your attorney can verify, depending upon what it is, is that the effect of that is that those firearms are forfeited to the Government and you lose any interest in it.  Other than that, there appears to be no other consequences involved in that matter.  Do you understand that?
    THE DEFENDANT:  Yes.

(Filing No. 177, at 13-16.)

The government moves for forfeiture of the two firearms, relying on the civil forfeiture provision, 28 U.S.C. § 2461(c), for jurisdiction.  (Filing No. 160.)

21 U.S.C. § 853 provides for the criminal forfeiture of property "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a violation of "subchapter [I] or subchapter II of . . . chapter [13] punishable by imprisonment for more than one year."  21 U.S.C. § 853(a)(2).  Section 853 continues, stating that forfeiture of the property in question shall be part of the sentence imposed pursuant to subchapter I or II of chapter 13, in other words a drug crime.  18 U.S.C. 924(d) addresses forfeiture relating to gun crimes, including convictions under 18 U.S.C. § 922(g).  28 U.S.C. § 2461 addresses civil forfeiture.

This Court disagrees with the conclusion reached by Judge Thalken and the parties at the change of plea hearing that the property in question may be forfeited as charged under § 853 where the parties have agreed that the forfeiture is sought based only on the gun charge to which the Defendant has not pleaded guilty. The Superseding Indictment was orally amended to reflect only a nexus between Count VI and Count V (gun charge) apparently to avoid the application of the 2-level firearm enhancement set out in U.S.S.G. § 2D1.1(b)(1).

This Court concludes: the statutory language of § 853 precludes forfeiture of firearms used in connection only with a gun crime; and the statutory mechanism used for forfeiture of the firearms must be tailored to the count of conviction.[3] The parties may explore other avenues to accomplish their desired goal(s) such as a properly drafted plea agreement and/or Information. The Court cannot conclude that the Defendant's plea, as presented, is knowing and voluntary.

For these reasons, this matter will be overruled and restored to the trial calendar.

IT IS ORDERED:

1. The Report and Recommendation (Filing No. 155) is overruled;

2. The plea and the plea agreement are not accepted at this time;

3. This case is restored to the trial calendar; and

---

[3] For example, 21 U.S.C. § 853 requires a "conviction" under subchapter I or II of chapter 13 of the United States Code, while 18 U.S.C. § 924(d) requires a "violation" of, in pertinent part, 18 U.S.C. § 922(g). The civil forfeiture provision requires a criminal "conviction of the offense giving rise to the forfeiture." 28 U.S.C. § 2461(c). Finally, Federal Rule of Criminal Procedure 32.2 requires a conviction "on any count . . . regarding which criminal forfeiture is sought." Fed. R. Crim. P. 32.2(b)(1).

4. The government's motion for preliminary forfeiture (Filing No. 160) is denied.

DATED this 2nd day of May, 2007.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          United States District Judge